Kevin Fallon McCarthy (#011017)
Jacob W. Hippensteel (#032713)
Michael D. Adams (#035190)
Jacob.Hippensteel@mccarthylawyer.com
McCarthy Law PLC
4250 N. Drinkwater Blvd., Ste. 320
Scottsdale, Arizona 85251
Phone: 602-456-8900
Fax: 602-218-4447
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Mario Somoza,<br><br>　　　Plaintiff,<br><br>v.<br><br>Resurgent Capital Services, L.P.; Capital One Bank, N.A., Experian Information Solutions, Inc., Equifax Information Services, LLC; and TransUnion, LLC.<br><br>　　　Defendants. | Case No.:<br><br>**COMPLAINT** |

## INTRODUCTION

1.　　This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

## JURISDICTION AND VENUE

2.　　This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and as the Plaintiff resides in and the injury occurred in Cochise County, Arizona and Defendants do business in Arizona.

4. Personal Jurisdiction exists over Defendants as Plaintiff resides in Arizona, Defendants have the necessary minimum contacts with the state of Arizona, and this suit arises out of specific conduct with Plaintiff with Arizona.

## PARTIES

5. Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Cochise, Arizona.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. Defendant, Experian Information Solutions, Inc., ("Experian") is a credit reporting agency, licensed to do business in Arizona.

9. Defendant, Equifax Information Services, LLC, ("Equifax") is a credit reporting agency, licensed to do business in Arizona.

10. Defendant, TransUnion, LLC, ("Transunion") is a credit reporting agency, licensed to do business in Arizona.

11. Defendant Experian, Equifax, and Transunion are, and at all times relevant hereto were, regularly doing business in the State of Arizona.

12. Experian, Equifax, and Transunion are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

13. Experian, Equifax, and Transunion furnish such consumer reports to third parties under contract for monetary compensation.

14. At all times pertinent hereto, Defendant Experian, Equifax, and Transunion were a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b)

and (f).

15. Resurgent Capital Services, L.P. ("Resurgent") is a for profit corporation existing and operating under the laws of the State of Arizona that engages in the business of furnishing consumer credit information.

16. Resurgent was at all relevant times engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

17. Resurgent is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

18. At all times pertinent hereto, Resurgent was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq*.

19. Defendant, Capital One Bank, N.A., (hereinafter "CapOne") is a corporation existing and operating under the laws of the State of Arizona and is a financial institution and a furnisher of consumer credit information to consumer reporting agencies.

20. At all times pertinent hereto, Capital One was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq*.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

21. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendant Resurgent, CapOne, Experian, Equifax, and Transunion and has suffered particularized and concrete harm.

22. Experian, Equifax, and Transunion are three of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681(a)(f).

23. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

24. Experian, Equifax, and Transunion each have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

25. After reviewing Plaintiff's consumer reports, Plaintiff discovered a Resurgent account with an account number beginning 604419XXXXX (the "Resurgent Account") being reported in error – specifically the Resurgent Account is reporting with a balance past due after the Resurgent Account was settled and paid in full by Plaintiff.

26. The Resurgent Account arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

27. Resurgent regularly collects or attempts to collect, directly or indirectly, debts once owed or due, or once asserted to be owed or due, another.

28. In December 2022 Plaintiff discovered three Capital One accounts with account numbers beginning 517805XXXXXX (the "Cap One Accounts") being reported in error – specifically the Cap One Accounts are reporting with a balance past due after the Cap One Accounts were settled and paid in full by Plaintiff.

29. Despite receiving the full benefit of settlement on the Cap One Accounts, Capital One continues to report balances past due on Plaintiff's consumer credit reports.

30. The false information regarding the Cap One Accounts and Resurgent Account (collectively the "Accounts") appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

31. Experian, Equifax, and Transunion each published the false information regarding Plaintiff to third parties.

## WRITTEN DISPUTE

32. Plaintiff sent a written dispute letter to Experian, Equifax, and Transunion (collectively "Dispute Letters"), disputing the inaccurate information regarding the Resurgent Account showing on Plaintiff's consumer reports.

33. Plaintiff sent a written dispute letter to Experian (the "Experian Dispute") disputing the inaccurate information regarding the CapOne Accounts showing on Plaintiff's Experian consumer report.

34. Experian failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

35. Experian employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's Experian Dispute.

36. Equifax failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

37. Equifax employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's Dispute of the Resurgent Account.

38. Transunion failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

39. Transunion employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's Dispute of the Resurgent Account.

40. At no point after receiving the Disputes did Defendants communicate with Plaintiff to determine the veracity and extent of Plaintiff's Disputes.

41. Experian relied on its own judgment and the information provided to it by Resurgent and CapOne, rather than grant credibility to the information provided by Plaintiff.

42. Equifax relied on its own judgment and the information provided to it by Resurgent, rather than grant credibility to the information provided by Plaintiff.

43. Transunion relied on its own judgment and the information provided to it by Resurgent, rather than grant credibility to the information provided by Plaintiff.

### COUNT I – Experian, Equifax, and Transunion

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

44. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

45. After receiving the Experian Dispute, Experian failed to correct the false information reporting on Plaintiff's consumer report.

46. After receiving the Equifax Dispute, Equifax failed to correct the false information reporting on Plaintiff's consumer report.

47. After receiving the Transunion Dispute, Transunion failed to correct the false information reporting on Plaintiff's consumer reports.

48. Experian, Equifax, and Transunion each violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

49. As a result of this conduct, action and inaction of Experian, Equifax, and Transunion Plaintiff suffered damages, and continue to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

50. The conduct, action, and inaction of Experian, Equifax, and Transunion was willful, rendering each liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

51. In the alternative, Experian, Equifax, and Transunion were each negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

52. Plaintiff is entitled to recover costs and attorneys' fees from Experian, Equifax, and Transunion pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT II – Experian, Equifax, and Transunion

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

53. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

54. After receiving the Experian Dispute, Experian failed to correct the false information reporting on Plaintiff's consumer report.

55. After receiving the Equifax Dispute, Equifax failed to correct the false information reporting on Plaintiff's consumer report.

56. After receiving the Transunion Dispute, Transunion failed to correct the false information reporting on Plaintiff's consumer report.

57. Experian, Equifax, and Transunion each violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in each Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

58. As a result of this conduct, action and inaction of Experian, Equifax, and Transunion Plaintiff suffered damages, and continue to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

59. The conduct, action, and inaction of Experian, Equifax, and Transunion was willful, rendering each liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

60. In the alternative, Experian, Equifax, and Transunion were negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

61. Plaintiff is entitled to recover costs and attorneys' fees from Experian, Equifax, and Transunion pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT III – CapOne

<u>(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))</u>

62. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

63. After receiving Plaintiff's Experian dispute, CapOne failed to correct the false information regarding the CapOne Accounts reporting on Plaintiff's consumer reports.

64. CapOne violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's Experian dispute; by failing to review all relevant information regarding Plaintiff's dispute; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

65. As a result of this conduct, action, and inaction of CapOne, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

66. CapOne's conduct, action, and inaction was willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

67. In the alternative, CapOne was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

68. Plaintiffs is entitled to recover costs and attorneys' fees from CapOne pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT IV – Resurgent

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

69. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

70. After receiving Plaintiff's disputes, Resurgent failed to correct the false information regarding the Resurgent Account reporting on Plaintiff's consumer reports.

71. Resurgent violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other

unlawful conduct.

72. As a result of this conduct, action, and inaction of Resurgent, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

73. Resurgent's conduct, action, and inaction was willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

74. In the alternative, Resurgent was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

75. Plaintiffs is entitled to recover costs and attorneys' fees from Resurgent pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT V – Resurgent

### (Fair Debt Collection Practices Act Violation – 15 U.S.C. § 1692e)

76. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

77. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

78. "The FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011).

79. "It is a remedial statute that we 'construe . . . broadly, so as to effect its purpose.'" *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006)).

80. More broadly, the FDCPA was enacted in order to eliminate abusive debt collection practices, which contribute to the number of personal bankruptcies, marital instability,

loss of employment, and invasions of privacy as well as insure that debt collectors who refrain from using such practices are not competitively disadvantaged. *See, e.g.,* 15 U.S.C. § 1692(a), (e); *Lesher v. Law Offices of Mitchell N. Kay, PC,* 650 F.3d 993, 996 (3d Cir.2011); *Wilson,* 225 F.3d at 354.

81. "[C]ourts have analyzed the statutory requirements [of the FDCPA] 'from the perspective of the least sophisticated debtor.' This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor." *Campuzano-Burgos v. Midland Credit Management, Inc.*, 550 F.3d 294, 298 (3d Cir. 2008) (quoting *Rosenau*, 539 F.3d at 221); *see also Clomon v. Jackson,* 988 F.2d 1314, 1318 (2d Cir. 1993) ("The basic purpose of the 'least-sophisticated consumer' standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.").

82. "The basic purpose of the least-sophisticated [debtor] standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148-49 (3d Cir. 2013) (quoting *Lesher*, 650 F.3d at 997).

83. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

84. Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

85. Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no

excuse").

86. Under the same general prohibition of false, misleading, or deceptive debt collection practices, the FDCPA prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false. . . ." 15 U.S.C. § 1692e(8).

87. Resurgent violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the Debt, including by reporting false information to the credit reporting agencies concerning Plaintiff, and by failing to correct the false information once disputed.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

1. Trial by jury.

2. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation;

4. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

5. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Resurgent for noncompliance of the Fair Debt Collection Practices Act and seeks remedies as defined by 15 U.S.C. § 1692 and demands:

1. Trial by jury.

2. Adjudging that Resurgent violated 15 U.S.C. § 1692e;

3. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

4. Awarding Plaintiff actual damages to be proven at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

5. Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

6. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated:  May 24, 2023

/s/ Michael D. Adams
Michael D. Adams
McCarthy Law, PLC
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ  85251
Telephone: (602) 456-8900
Fax: (602) 218-4447
Attorney for Plaintiff